IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CRYSTAL HYDE,

    Plaintiff,

    v.

K. B. HOME, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:07-CV-1456-TWT

## ORDER

This is an employment discrimination action. It is before the Court on the Report and Recommendation [Doc. 99] of the Magistrate Judge recommending that the Defendant K. B. Home's Motion for Summary Judgment [Doc. 69] be granted in part and denied in part and recommending that the Defendant Waibel's Motion for Summary Judgment [Doc. 72] be granted. The Plaintiff's Objections to the Report and Recommendation merely repeat her arguments in the briefing on the motions for summary judgment. They are without merit for the reasons stated in the Report and Recommendation. The Defendant K. B. Home objects to the portion of the Report and Recommendation finding genuine issues of material fact with respect to the Plaintiff's Title VII disparate impact and discriminatory harassment claims. It argues that a temporary removal of and reassignment of duties in order to comply with the

Plaintiff's Family and Medical Leave Act ("FMLA") requests for leave cannot constitute discrimination under Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act of 1978. This argument was not made in the briefing before the Magistrate Judge. This Court is in the not infrequent position of having to decide whether to consider the new argument now, or putting the parties and the Court through the burden and expense of a trial, and considering the argument at the end of the Plaintiff's case on a motion for judgment as a matter of law. Neither course of action is entirely satisfactory. Given the relatively minor nature of the Plaintiff's remaining claims, it seems to make sense to go ahead and address the Defendant's new argument and new case law now.

As set forth in the Report and Recommendation, in late January 2006, the Plaintiff informed the Defendant Waibel that she was pregnant. In March 2006, the Plaintiff began using intermittent FMLA leave in connection with her prenatal care. Early in March, on doctor's orders, her workday hours were reduced to 10:00 a.m. until 4:00 p.m. The Plaintiff requested additional time off from work as needed. The Defendant K. B. Home granted the Plaintiff's requests for FMLA leave. Her extensive use of the FMLA leave for partial and whole days during April and May is set forth in detail in the Report and Recommendation of the Magistrate Judge. After May 17, 2006, the Plaintiff was on continuous maternity leave for the remainder of

her pregnancy. The Plaintiff exhausted all of her FMLA leave as of July 25, 2006, but she did not return to work until August 16, 2006. As set forth in the Report and Recommendation, on September 19, 2006, K. B. Home terminated approximately 14 employees in the Atlanta office, including the Plaintiff, as part of a reduction in force.

In its Objections to the Report and Recommendation, the Defendant relies upon Sampath v. Immucor, Inc., 271 Fed. Appx. 955 (11th Cir. 2008). In that case, the defendant's former director of its information systems department brought an action against her employer for discrimination based on pregnancy. The court noted that in order to show an adverse employment action an employee must demonstrate "a *serious* and *material* change in the terms, conditions, or privileges of employment." Id. at 962 (quoting Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1239 (11th Cir. 2001) (emphasis in original)). In that case, the plaintiff's responsibilities were temporarily reduced, but her salary, benefits, and hours remained unchanged. The Court of Appeals concluded that this temporary change in the plaintiff's employment "was not sufficiently serious to constitute an adverse employment action." Id.

In this case, the Plaintiff's salary and benefits were not changed. Altering an employee's job responsibilities while the employee is out on intermittent leave is legitimate and proper under the FMLA. If an employee needs intermittent leave, the employer may require the employee to transfer to an alternative position that may

include altering existing job responsibilities. 29 C.F.R. § 825.204. In essence, that is what happened here. Although the Plaintiff complains of various forms of workplace mistreatment, her claims for FMLA leave were granted and her job responsibilities were reduced. The Plaintiff cannot make a claim for gender and pregnancy discrimination based upon actions taken by her employer to accommodate her FMLA leave requests.

For the reasons set forth above, the Court declines to adopt the Report and Recommendation of the Magistrate Judge denying the Defendant K. B. Home's motion for summary judgment as to the Plaintiff's Title VII disparate treatment, sexual harassment, and punitive damages claims. Otherwise, the Court approves and adopts the Report and Recommendation of the Magistrate Judge as the judgment of the Court. The Defendant K. B. Home's Motion for Summary Judgment [Doc. 69] is GRANTED. The Defendant Waibel's Motion for Summary Judgment [Doc. 72] is GRANTED.

SO ORDERED, this 25 day of March, 2009.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge